IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
SOUTHERN DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. |
| v. | ) ) | C O M P L A I N T |
| LONZA AMERICA, INC., f/d/b/a ARCH CHEMICALS, INC., | ) ) ) | JURY TRIAL DEMAND |
| Defendant. | ) ) ) ) ) | |

NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990, as amended, and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Michael Ingram, who was adversely affected by such practices. As alleged with greater particularity in paragraphs 14(a)-(u) below, Plaintiff Equal Employment Opportunity Commission alleges the Defendant, Lonza America, Inc., f/d/b/a Arch Chemicals, Inc., (Defendant Employer), discharged Michael Ingram because of his disability; conducted unlawful disability-related medical examinations; and failed to meaningfully engage in the interactive process.

JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII of the Civil Rights

Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-5(f)(1) and (3) and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Eastern District of Tennessee, Southern Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant Lonza America, Inc., a Delaware company, formerly doing business as Arch Chemicals, Inc., a Virginia company, was doing business in the State of Tennessee and the City of Charleston and had at least 15 employees.

5. At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce under Section 101(5) of the ADA, 42 U.S.C.§ 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h).

6. At all relevant times, Defendant Employer has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## ADMINISTRATIVE PROCEDURES

7. More than thirty days prior to the institution of this lawsuit, Michael Ingram filed a charge with the Commission alleging violations of Title I of the ADA by Defendant Employer.

8. On July 28, 2020, the Commission issued to Defendant Employer a Letter of Determination finding reasonable cause to believe that Title I of the ADA was violated and inviting Defendant Employer to join with the Commission in informal methods of conciliation to endeavor to eliminate the discriminatory practices and provide appropriate relief.

9. The Commission engaged in communications with Defendant Employer to provide Defendant Employer the opportunity to remedy the discriminatory practices described in the Letter of Determination.

10. The Commission was unable to secure from Defendant Employer a conciliation agreement acceptable to the Commission.

11. On September 10, 2020, the Commission issued to Defendant Employer a Notice of Failure of Conciliation.

12. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

13. Since at least 2017, Defendant Employer has engaged in unlawful employment practices at its Charleston, Tennessee facility in violation of Section 102(a), and 102(d)(4)(A) of Title I of the ADA, 42 U.S.C. §§12112(a) and 12112(d)(4)(A).

14. The unlawful employment practices include discharging Ingram because of his disability; conducting unlawful disability-related medical examinations; and failing to

participate in any meaningful interactive process.

(a) Ingram is a recovering opioid addict.

(b) Ingram does not illegally use controlled substances.

(c) In November 2003, Ingram began his employment with Defendant Employer at Defendant Employer's Charleston, Tennessee facility.

(d) Ingram always performed his job safely and effectively.

(e) In 2012, Ingram's doctor prescribed him an opioid pain medication to treat a back injury that resulted from a car accident.

(f) Since at least February 2013, Ingram has received treatment for opiate dependency through his participation in a Medication Assistance Treatment program.

(g) Ingram's opiate dependency treatment includes taking an opioid medication (i.e., Suboxone/Buprenorphine).

(h) 42 U.S.C. §12111(6) explicitly states the use of a drug taken under supervision by a licensed health care professional is not considered an illegal use of drugs.

(i) In July 2017, when Defendant Employer subjected Ingram to a random drug screen for illegal drugs and alcohol, Ingram tested positive for a controlled substance.

(j) Defendant Employer immediately suspended Ingram for allegedly violating Defendant Employer's work rules and policies.

(k) Ingram did not violate Defendant Employer's work rules and policies.

(l) Defendant Employer mandated that Ingram attend counseling through Defendant Employer's Employee Assistance Program, and with a clinical psychologist.

(m) Ingram advised Defendant Employer that he had a prescription for the opioid medication Suboxone, and that he was participating in a Medication Assistance Treatment program.

(n) Ingram provided Defendant Employer with a copy of his prescription and a statement from his doctor advising that Ingram was under his care.

(o) Despite learning about Ingram's participation in a Medication Assistance Treatment program, and that Ingram was taking an opioid medication (i.e., Suboxone/Buprenorphine) prescribed by a licensed healthcare professional, Defendant Employer refused to return Ingram to work and mandated that Ingram discontinue use of the prescribed opioid medication.

(p) Defendant Employer's actions forced Ingram to request FMLA leave and short-term disability benefits.

(q) From on or about July 2017 to November 2017, Ingram had multiple meetings with an EAP counselor, a clinical psychologist, Defendant Employer's Medical Review Officer, Defendant Employer's nurse, and Defendant Employer's Human Resources Manager.

(r) Ingram's doctor, the EAP program/counselor, and the clinical psychologist all recommended that Defendant Employer return Ingram to work. Defendant Employer, however, refused to return Ingram to work.

(s) In November 2017, Ingram tested positive a second time for a controlled substance.

(t) After the second positive test result, Defendant Employer determined that Ingram had not discontinued his use of the prescribed medication Suboxone, as mandated by Defendant Employer, and terminated Ingram's employment in December 2017.

(u) After Defendant Employer terminated Ingram, it replaced Ingram with another worker.

15. The effect of the practices complained of in paragraphs 14(a)-(u) above has

been to deprive Michael Ingram of equal employment opportunities and otherwise adversely affect his status as an employee, because of his disability.

16. The unlawful employment practices complained of in paragraphs 14(a)-(u) above were intentional.

17. The unlawful employment practices complained of in paragraphs 14(a)-(u) above were done with malice or with reckless indifference to the federally protected rights of Michael Ingram.

PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Employer, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from discharging employees because of their disabilities.

B. Grant a permanent injunction enjoining Defendant Employer, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from conducting illegal medical exams in violation of the ADA.

C. Grant a permanent injunction enjoining Defendant Employer, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from failing to engage in the interactive process.

D. Order Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities or persons requesting reasonable accommodations, and which eradicate the effects of its past and present unlawful employment practices.

E. Order Defendant Employer to make whole Michael Ingram, by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and

other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to (re)instatement of Michael Ingram.

F. Order Defendant Employer to make whole Michael Ingram by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 14(a)-(u) above, including insurance premiums not paid by Defendant Employer, in amounts to be determined at trial.

G. Order Defendant Employer to make whole Michael Ingram by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraphs 14(a)-(u) above, including emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

H. Order Defendant Employer to pay Michael Ingram punitive damages for its malicious and reckless conduct, as described in paragraphs 14(a)-(u) above, in amounts to be determined at trial.

I. Grant such further relief as the Court deems necessary and proper in the public interest.

J. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

SHARON FAST GUSTAFSON
General Counsel

ROBERT A. CANINO
Acting Deputy General Counsel

7

s/ Faye A. Williams
FAYE A. WILLIAMS
Regional Attorney
TN Bar No. 11730

TIMOTHY M. BOWNE
Supervisory Trial Attorney
Texas Bar No. 00793371


s/ Markeisha K. Savage
MARKEISHA K. SAVAGE
Trial Attorney
TN Bar No. 024693


EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
1407 Union Avenue, Suite 900
Memphis, TN 38104
Telephone (901) 544-0133