# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT CHATTANOOGA

| | |
|---|---|
| EQUAL EMPLOYMENT ) <br> OPPORTUNITY COMMISSION, ) <br> ) <br> *Plaintiff*, ) <br> ) <br> v. ) <br> ) <br> LONZA AMERICA, INC., f/d/b/a ARCH ) <br> CHEMICALS, INC., ) <br> ) <br> *Defendant*. | Case No. 1:20-cv-311 <br><br> Judge Travis R. McDonough <br><br> Magistrate Judge Susan K. Lee |

## CONSENT DECREE

Plaintiff Equal Employment Opportunity Commission (the "Commission") and Defendant Lonza America LLC (formerly known as Lonza America, Inc. and the parent of Arch Chemicals, Inc.) enter into this Consent Decree (the "Decree") to resolve this case.

The Commission is an agency of the United States of America authorized by Congress to enforce federal laws prohibiting employment discrimination. One of the laws enforced by the Commission is Title I of the Americans with Disabilities Act of 1990. Among other things, the ADA prohibits employers from discriminating in employment because of an employee's disability.

The Commission filed this lawsuit on November 6, 2020, alleging unlawful employment practices in violation of Title I of the Americans with Disabilities Act of 1990 ("ADA"), as amended by the ADA Amendments Act of 2008 ("ADAAA"). The Commission alleges in its Complaint that Lonza discharged Michael Ingram because of his disability, subjected him to illegal medical examinations, and failed to meaningfully participate in the interactive process, in

violation of the ADA.  Lonza denies the allegations contained in the Commission's Complaint or that it violated the ADA in any way.

In 2018, Lonza sold its water care business, including the subject facility located in Charleston, Tennessee, where the alleged discrimination occurred. Separately, on July 1, 2021, Lonza sold its LSI business segment. The alleged discriminating officials in this matter are no longer employed by Lonza.

This Decree does not constitute a finding on the merits of the case and does not constitute an admission by Lonza of the allegations in the Complaint. The Commission and Lonza have consented to entry of this Decree to avoid the additional expense and other burdens that continued litigation of this case would involve.

This Decree constitutes the complete and exclusive agreement between the Commission and Lonza with respect to the matters referred to herein. No waiver, modification, or amendment of any provision of this Decree will be effective unless made in writing. The parties have made no representations or inducements to compromise this action, other than those recited or referenced in this Decree.

## FINDINGS

After examining the terms of this Decree, and based on the pleadings, record, and stipulations of the parties, the Court finds:

The terms of this Decree are fair, reasonable, equitable, and just.  The Decree adequately protects the rights of the EEOC, Lonza, and the public interest.

This Decree conforms to the Federal Rules of Civil Procedure and the ADA and does not derogate the rights or privileges of any person.  Entry of this Decree furthers the objectives of the ADA and appears to be in the best interest of the public.

It is hereby **ORDERED, ADJUDGED,** and **DECREED:**

## I. JURISDICTION

1. This Court has jurisdiction over the parties and the subject matter of this litigation and will retain jurisdiction over this Decree for the purposes of enforcement and dispute resolution.

2. No party will contest jurisdiction of this Court to enforce this Decree and its terms or the right of the Commission to seek enforcement in the event Lonza breaches any of the terms of this Decree.

## II. SCOPE AND DURATION OF THIS DECREE

3. This Decree resolves all issues and claims arising out of the Commission's Complaint in Civil Action No. 1:20-CV-00311, alleging unlawful employment practices by Lonza based on Charge No. 494-2018-00785 filed by Michael Ingram. Notwithstanding any provisions contained herein, this Decree will not be considered in any manner to be dispositive of any charges now pending before any office of the Commission other than Charge No. 494-2018-00785.

4. Upon the date the Court enters this Decree, the provisions of this Decree become immediately effective and binding upon the parties to this lawsuit for one year[1] thereafter.

## III. TRAINING

5. During calendar year 2021, Defendant will provide a one-hour mandatory training program regarding the ADA to any Human Resources personnel within its LSI business segment.

---

[1] In light of the unique and extenuating circumstances related to the change in Lonza's corporate structure, the parties have agreed to a one-year term of duration in this matter.

6. Any ADA training provided for in this Section will include the following:

    (a) An employer's legal obligations with respect to medical examinations and medical inquiries of applicants and employees, including but not limited to the ADA's prohibitions concerning medical examinations and inquiries and what constitutes lawful use of information obtained from an otherwise legally permissible examination or inquiry;

    (b) An employer's ultimate responsibility for direct threat analysis;

    (c) An employer's legal obligation to engage in the interactive process with an employee when conducting a direct threat analysis.

    (d) The legal standards for identification of essential job functions, as well as the types of information and expertise used in such identification;

    (e) The legal standards for analysis of direct threat as well as the types of information and expertise used in such analysis;

    (f) An employer's legal obligation to explore potential reasonable accommodations, including the scope and parameters of reasonable assessments and the use of reasonable accommodations to eliminate direct threat or reduce the risk of such threat to an acceptable level; and

    (g) Defendant's ADA policy as it relates to identifying or understanding i) when an employee has a duty to report the use of prescribed medications; ii) identifying when an employee's ability to perform the essential functions of the job is compromised; and iii) determining and recording when there is a legitimate reason for a positive test result.

## IV. INDIVIDUAL RELIEF

7. Lonza USA Inc. or one of its affiliates ("Lonza USA") agrees to pay a total of $150,000 in two, checks: (1) a check for $50,000 as back wages subject to applicable withholdings, and (2) a check for $100,000 in compensatory damages, in full and final settlement of any and all claims brought, or which could have been brought, in this action.

8. At the time Lonza USA issues tax documents to other employees, Lonza USA will issue Michael Ingram an IRS Form W-2 for the backpay amount and withhold all applicable payroll taxes and deductions from that amount as required by law. In addition, Lonza USA will be responsible for paying its own share of payroll tax liability required by law.

9. At the time Lonza USA issues tax documents to other employees, Lonza USA will issue Michael Ingram an IRS Form 1099-Misc for the compensatory damages amount and list the amount as "other income."

10. Within 30 days of entry of this Decree, Lonza USA shall mail two checks, via certified mail or express overnight mail, to Michael Ingram at the address provided by the Commission. Concurrently, Lonza USA will mail electronically a copy of the checks and related documents to the email address listed below.

11. Late payment of a check shall be subject to the accrual of interest pursuant to 28 U.S.C. § 1961.

12. Lonza USA shall supply a neutral reference in response to any employment inquiries or reference checks regarding Michael Ingram. Lonza USA shall not mention the charge of discrimination or this action as part of the neutral reference. The neutral reference shall be in the form and manner as attached at Exhibit A. This provision shall remain in force as long as Michael Ingram continues to use Lonza USA as a reference and is not limited to the duration of this Decree.

5

Case 1:20-cv-00311-TRM-SKL   Document 21   Filed 07/22/21   Page 5 of 8   PageID #: 63

## V. ENFORCEMENT

13. If Lonza USA fails to comply with the terms of this Decree, the Commission has a right to enforce the obligations under this Decree. The Commission will provide ten (10) days written notice to Lonza USA of any deficiency in complying with the terms of this Decree. If the parties are unable to reach agreement regarding resolution of any such deficiency in Lonza USA's compliance with the terms of this Decree, the Commission will then have the option of petitioning the Court for relief.

## VI. MISCELLANEOUS PROVISIONS

14. Each party to this Decree will bear its own costs, attorney fees, and expenses in this lawsuit.

15. All reports, certifications, notices, or other communication between the parties, shall be in writing and transmitted as follows:

    (a) To the Commission, via electronic mail to:

        EEOC-MEDO-decree-monitoring@eeoc.gov

    (b) To Lonza, via electronic mail to:

        lauren.daloisio@lonza.com

**SO ORDERED.**

        */s/ Travis R. McDonough*
        **TRAVIS R. MCDONOUGH**
        **UNITED STATES DISTRICT JUDGE**

APPROVED FOR ENTRY BY THE PARTIES:

| FOR PLAINTIFF: | FOR LONZA USA: |
|---|---|

*/s/ Faye A. Williams*\
FAYE A. WILLIAMS (TN Bar #11730)\
Regional Attorney

*/s/ Markeisha K. Savage*\
MARKEISHA K. SAVAGE (TN Bar # 24693)\
Trial Attorney

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION\
Memphis District Office\
1407 Union Avenue, Ste. 900\
Memphis, TN 38104\
901.685.4609\
faye.williams@eeoc.gov\
markeisha.savage@eeoc.gov

*/s/ Christopher J. DeGroff*\
CHRISTOPHER J. DeGROFF\
SEYFARTH SHAW, LLP\
233 S. Wacker Dr., Ste. 8000\
Chicago, IL 60606\
312.460.5982\
cdegroff@seyfarth.com

7

Case 1:20-cv-00311-TRM-SKL   Document 21   Filed 07/22/21   Page 7 of 8   PageID #: 65

# EXHIBIT A

## NEUTRAL REFERENCE

To Whom It May Concern:

This letter is in response to your inquiry regarding the employment of Michael Ingram while employed by Arch Chemicals, Inc. a subsidiary of Lonza America LLC (formerly known as Lonza America, Inc.) and former affiliate of Lonza USA Inc. Company policy allows us to provide only dates of employment and position held in response to any employment inquiry.

We confirm that Mr. Ingram's employment began in the position of Arch Flex on November 20, 2006, and ended on December 13, 2017, as a Chlorinator Operator.

I hope this information is helpful and that it satisfactorily answers your inquiry.

Sincerely,


Lonza USA Inc.